IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENLEY MENEFEE | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| UNIVERSAL MUSIC GROUP, | § | |
| GEFFEN RECORDS, CAPITOL | § | |
| RECORDS, AND MARY JANE | § | |
| BLIGE (A.K.A. MARY J. BLIGE) | § | |

## UMG RECORDINGS, INC., GEFFEN RECORDS, AND CAPITOL RECORDS, LLC'S NOTICE OF REMOVAL

Defendants, UMG Recordings, Inc. (incorrectly named as Universal Music Group), Geffen Records (a division of UMG Recordings, Inc.), and Capitol Records, LLC (incorrectly named as Capitol Records) (collectively, "Defendants"), by and through their attorneys of record, hereby give notice of removal of this action to this Court from the 11th District Court of Harris County, Texas, in which the action, captioned *Henley Menefee v. Universal Music Group, Geffen Records, Capitol Records, and Mary Jane Blige*, is now pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. In support of this Removal, Defendants would show the following:

## I.
## PROCEDURAL HISTORY

1.     On December 22, 2014, Henley J. Menefee ("Plaintiff") filed Cause No. 2014-73687 *pro se* against Defendants in the 11th Judicial District Court of Harris County, Texas.[1]

2.     Plaintiff alleges that Defendants have violated various U.S. criminal statutes including the Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*

---

[1] A true and correct copy of Plaintiff's Original Petition is attached to and made a part of the Index of Matters Being Filed with UMG Recordings, Inc., Geffen Records, and Capitol Records, LLC's Notice of Removal, as Exhibit A (the "Original Petition").

("RICO"); violent crimes in aid of racketeering activity, 18 U.S.C. § 1959; conspiracy to commit offense or to defraud the United States, 18 U.S.C. § 371; mail fraud, 18 U.S.C. § 1341; wire fraud, 18 U.S.C. § 1343; conspiracy against rights, 18 U.S.C. § 241; and the Federal Wiretapping Act, 18 U.S.C. §§ 2510–2520.[2]

3.    Additionally, Plaintiff asserts causes of action for violation of the Texas civil wiretap statute, TEX. CIV. PRAC. & REM. CODE ANN. § 123.002; the Texas criminal wiretap statute, TEX. PENAL CODE ANN. § 16.02; and for criminal conspiracy, TEX. PENAL CODE ANN. § 15.02.[3] Plaintiff seeks statutory, actual, compensatory, unliquidated, and punitive damages.[4]

4.    On January 5, 2014, Plaintiff served Defendant, UMG Recordings, Inc., through its registered agent for service.

5.    Pursuant to 28 U.S.C. § 1446(b)(2)(A), all known defendants who have been properly joined and served consent to the removal of this action.

6.    This Notice of Removal is filed within 30 days after the first receipt by any Defendant through service, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. Thus, this Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b).

## II.
## BASIS FOR REMOVAL

7.    This civil action is subject to removal under 28 U.S.C. § 1441 as the Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332. This Court is appropriate for removal under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending. This Court has original jurisdiction of this action pursuant to

---

[2] *See* Exhibit A, Plaintiff's Original Petition, § IV, ¶ 2.
[3] *See* Exhibit A, Plaintiff's Original Petition, §§ V–VII.
[4] *See* Exhibit A, Plaintiff's Original Petition, § VII.

28 U.S.C. § 1331, in that Plaintiff asserts claims arising under federal law, and 28 U.S.C. § 1332 because (1) complete diversity exists between Plaintiff and Defendants, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Plaintiff is an individual and a citizen of the state of Texas.[5]

9.      Defendant UMG Recordings, Inc. is a Delaware corporation with its principal place of business in California.

10.     Defendant Geffen Records is a division of UMG Recordings, Inc. UMG Recordings, Inc. is a Delaware corporation with its principal place of business in California.

11.     Defendant Capitol Records, LLC is a Delaware limited liability company with its principal place of business in California.

12.     Defendant Mary Jane Blige (a.k.a. Mary J. Blige) is an individual and a citizen of the state of New Jersey.

13.     Though not specifically alleged in the Original Petition, the amount in controversy exceeds $75,000, exclusive of interest and costs. Where a plaintiff fails to specify the amount in controversy, the defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant can meet this burden by (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000.00, or by (2) stating controverted facts that support the requisite amount in controversy. *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

14.     Here, it is facially apparent from the Original Petition that Plaintiff seeks damages exceeding the minimum amount in controversy for removal. Plaintiff alleges that Defendants

---

[5] *See* Exhibit A, Plaintiff's Original Petition, § II.

have "gained financially from products, television shows, intellectual property, marketing, advertising, etc." and "witnessed the development of new businesses, new companies, new products, new television shows, and even new television networks that have been created by violating federal statutes of fraud, wire fraud, conspiracy, and federal wiretapping."[6]  Plaintiff claims that "[t]hese are products and business that have come from me, by violating these federal statutes."[7]   Plaintiff seeks statutory damages, actual damages, compensatory damages, unliquidated damages, and punitive damages, which are all included in the amount in controversy.[8]  *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (considering unliquidated damages in assessing the jurisdictional amount); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 & n. 7 (5th Cir. 1998) (noting the relevance of punitive damages when assessing whether diversity jurisdiction is proper).  Given the nature of Plaintiff's allegations and the damages he seeks, it is facially apparent from his petition that the amount in controversy exceeds $75,000.

15.     As required by 28 U.S.C. § 1446 and Southern District Local Rule 81, attached to this Notice of Removal are copies of the following documents:

(a)     all executed process in the case;

(b)     all pleadings asserting causes of action;

(c)     all orders signed by the state judge (none);

(d)     the docket sheet;

(e)     an index of matters being filed; and

---

[6] *See* Exhibit A, Plaintiff's Original Petition, § IV, ¶¶ 1, 4.
[7] *See* Exhibit A, Plaintiff's Original Petition, § IV, ¶ 5.
[8] *See* Exhibit A, Plaintiff's Original Petition, § VII.

(f)     a list of all counsel of record, including address, telephone numbers and parties represented.

16.     Plaintiff has made a jury demand in the state court lawsuit.

17.     As required by 28 U.S.C. § 1446(d), copies of this Notice are being served on Plaintiff and filed with the 11th District Court of Harris County, Texas.  By filing this Notice, Defendants do not waive their rights to object to service of process, sufficiency of process, venue, jurisdiction, the sufficiency of Plaintiff's allegations and/or Plaintiff's ability to recover for any of the asserted claims.

WHEREFORE, Defendants respectfully request that the state court action be removed to the United States District Court for the Southern District of Texas—Houston Division.

DATED:     January 29, 2015.

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

By:     _/s/ Geoffrey H. Bracken_____
        Geoffrey H. Bracken
        Texas Bar No. 02809750
        gbracken@gardere.com
        1000 Louisiana Street, Suite 3400
        Houston, Texas 77002-5007
        Telephone:  (713) 276-5500
        Facsimile:   (713) 276-5555

**ATTORNEY FOR DEFENDANTS, UMG RECORDINGS, INC., GEFFEN RECORDS (A DIVISION OF UMG RECORDINGS, INC.), AND CAPITOL RECORDS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document has been forwarded by regular and certified mail, return receipt requested, on this 29th day of January, 2015 to the *pro se* Plaintiff in this case:

Henley J. Menefee
7210 Scott Street #213
Houston, TX 77021
h.menefee@att.net
(832) 496-0010

_____*/s/ Geoffrey H. Bracken*_____
Geoffrey H. Bracken

6542885v.2